UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

EMANUEL ELIJAH ELLIS EL,            Case No. 08-41018
                                                      Chapter 7
                                                      Hon. Marci B. McIvor

                        Debtor.
_____/

## **OPINION DENYING THE TRUSTEE'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 29, 2008 ORDER**

For the reasons set forth below, this Court denies the Trustee's Motion for Reconsideration.

## FACTUAL BACKGROUND

On January 16, 2008, Emanuel Elijah Ellis El filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. On that same day, Debtor filed his bankruptcy Schedules. On those Schedules, Debtor listed $37,428 in past-due child support owed to his ex-girlfriend. Debtor checked "none" on Schedule B in answer to the question of whether Debtor had any "Contingent or noncontingent interests in the estate of a decedant, death benefit plan, life insurance policy, or trust" and Debtor checked "none" on the Statement of Financial Affairs, question 4, which asks Debtor to list any lawsuits in which he was involved. Debtor's Schedule C contained numerous entries but none for a lawsuit, as none had been filed.

On January 24, 2008, a complaint was filed initiating a wrongful death lawsuit for Debtor's son. Debtor's son was not living with him at the time of his death but was, instead, living with Debtor's ex-girlfriend.

On February 14, 2008, the Trustee held Debtor's 341 meeting. In response to questions from the Trustee, Debtor disclosed the wrongful death lawsuit. The Trustee states that, at that time, the Trustee asked Debtor to amend his schedules.

On July 11, 2008, the Trustee filed an Application to Employ Special Counsel for the purposes of protecting the bankruptcy estate's interest in the wrongful death lawsuit. For his work on the wrongful death lawsuit, Special Counsel would receive a contingent fee of up to $6,000. On July 14, 2008, the Court approved the Trustee's Application to Employ Special Counsel.

On August 22, 2008, Debtor amended his Schedule C to include an exemption of the wrongful death suit. Debtor exempted the suit in the amount of $9,685 under 11 U.S.C. § 522(d)(5). Debtor also amended Schedule C to exempt an automobile in the amount of $9,850 under 11 U.S.C. § 522(d)(5).

On September 3, 2008, the wrongful death lawsuit went to arbitration and, on September 5, 2008, an award was issued granting Debtor $18,200.00.

On September 15, 2008, the Trustee filed an objection to Debtor's Amended Schedule C. On September 19, 2008, Debtor again amended his Schedule C to exempt his wrongful death lawsuit in the amount of $9,635 under 11 U.S.C. § 522(d)(5). This Amended Schedule C omitted any reference to the automobile.

On October 28, 2008, the Court held a hearing on the objection.[1] On the following day the Court entered its Order Denying in Part and Granting in Part the Trustee's Objection.

---

[1]At the hearing, Debtor stated that he had surrendered his automobile and, therefore, had no need to exempt it on Schedule C.

2

08-41018-mbm    Doc 63    Filed 11/24/08    Entered 11/24/08 14:15:45    Page 2 of 7

On November 7, 2008, the Trustee filed a motion for reconsideration of the Court's October 29, 2008 order or, in the alternative, requesting clarification of the order. The Trustee argues that the Court should reconsider its order for the following three reasons. First, the Trustee argues that Debtor's ex-girlfriend detrimentally relied on Debtor's failure to exempt his share of the wrongful death settlement on his original Schedule C. Allegedly, Debtor's ex-girlfriend agreed to the settlement based on her assumption that there would be funds available in Debtor's bankruptcy estate to partially satisfy Debtor's outstanding liability for child support.

Second, the Trustee argues that Debtor's "in pro per" status does not relieve him of the responsibility of filing true and accurate schedules.

Third, the Trustee argues that the Court has exposed the estate to potential liability by requesting that the Trustee work with Debtor to determine the correct amount of the 11 U.S.C. § 522(d)(5) exemption.

## LEGAL STANDARD AND ANALYSIS

Under Local Rule 9024-1, a motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

In this case, the issue before the Court is whether Debtor may amend his exemptions. Federal Rule of Bankruptcy Procedure 1009 states, in relevant part: "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a

3

matter of course at any time before the case is closed. . . " Fed. R. Bankr. P. 1009. The objecting party has the burden of proving by a preponderance of the evidence that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). In the Sixth Circuit, a debtor may amend his or her petition schedules at any time before the case is closed, and courts do not have the discretion to reject amendments, unless the debtor has acted in bad faith or where property has been concealed. *Lucius v. McLemore*, 741 F.2d 125, 126-7 (6th Cir. 1984). Specifically, the Sixth Circuit in the *Lucius* case stated:

> We hold that under Rule 110 of the old Federal Rules of Bankruptcy Procedure and Rule 1009 of the new Rules the debtor may amend his list as a matter of course at any time before the close of the case. . . . The Advisory Committee Note to Rule 1009 reaffirms the legislative intent to allow amendment as a matter of course for schedules, including lists of exempt property. . . . This "permissive approach," allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits. [Citations omitted.] Courts may still refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed.

*Id.*, at 126-127; *See also, In re Basch*, 341 B.R. 615, 623 (Bankr. W.D. Mich. 2006)(a debtor may freely amend bankruptcy exemptions at any time before the case is closed, provided there is no bad faith or concealment of property.); *Averill v. Leech*, 782 F.2d 1041 (6th Cir.1985)("this Court ruled in [*Lucius*] that under . . . Bankruptcy Rule 1009 of the Federal Rules of Bankruptcy Procedure, a debtor is allowed to amend voluntary schedules at any time before the case is closed and the courts are denied discretion to reject such amendments.")

There are sound policy reasons supporting the Sixth Circuit law regarding Fed. R. Bankr. P. 1009. The Bankruptcy Code is full of provisions which balance the

4

interests of debtors against those of creditors. With respect to exemptions, the Sixth Circuit clearly gives greater weight to a debtor's right to a fresh start with all allowable exemptions, than it does to the desire of creditors for a swift determination of their distribution. Therefore, a debtor who discovers that one exemption scheme is more favorable than another scheme, should be allowed to amend his exemptions at any time during the case, absent bad faith or concealment of assets.

In summary, this Court finds that the binding law applicable in the Sixth Circuit is that, excepting bad faith or concealment of assets, a debtor may amend his or her schedules at any time before the case is closed as a matter of course, and courts have no discretion to reject such amendments. *Lucius*, 741 F.2d at 127. In this case, based on a review of the pleadings and the history of this case, the Court finds no evidence to support a finding of bad faith or concealment of assets. Therefore, Debtor's amendments must be allowed.

Having made the above ruling, the Court recognizes that the Trustee has an obligation to the estate to maximize proceeds. In this case, the Trustee appeared to be acting reasonably when it pursued the wrongful death lawsuit on the bankruptcy estate's behalf. It appeared that Debtor would be entitled to some amount of recovery for the wrongful death of his son and Debtor had not exempted any amounts for that potential recovery. For this reason, the Trustee hired Special Counsel to represent the estate's interest in the arbitration. The estate paid Special Counsel $6,000 for his services. Debtor's exemption of the wrongful death recovery resulted in a reduction of the value of the arbitration award to the estate. Unfortunately for the Trustee, sometimes it is not clear from the onset of a case whether collection efforts in pursuit of an asset will bear

5

fruit for the estate.  However, a loss to the estate is not relevant when considering the issue of whether Debtor intended to deceive the estate or conceal assets.  In this case, this Court has found that Debtor did neither.

Second, this Court rejects the Trustee's argument that Debtor used his in pro per status as an excuse for violating the Code.  On the record, this Court recognized that Debtor was in pro per, had always represented himself, and it appeared to the Court that he did not understand his obligations under the Code.  This Court finds that "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *People v. Herrera,* 514 N.W.2d 543 (Mich. Ct. App.1994).  However, even if this Court did not allow such latitude, Debtor's inartfully drafted pleadings are not evidence that Debtor intended to deceive the Court or to conceal assets.  Therefore, the Court did not err in ruling that Debtor's amendments to his Schedule C should be allowed.

Third, with respect to this Court's statements concerning the Trustee's relationship to Debtor, the Trustee is under no obligation to represent or counsel Debtor in any way.  The Court merely ruled that the Debtor was entitled to his maximum 11 U.S.C. § 522(d)(5) exemption and encouraged the parties to work together to hasten a cost-effective resolution to the Trustee's objection.

## CONCLUSION

For the above stated reasons, this Court denies the Trustee's Motion for Reconsideration.

**Signed on November 24, 2008**

                                        /s/ Marci B. McIvor
                                    **Marci B. McIvor**
                                    **United States Bankruptcy Judge**